**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ROBIN E. [1]                                                     Case No. 2:25-cv-103

       Plaintiff,

  v.                                                              Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

       Defendants.

**MEMORANDUM OF OPINION AND ORDER**

Plaintiff Robin E. filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled.  *See* 42 U.S.C. § 405(g).  Proceeding through counsel, Plaintiff presents two claims of error, both of which the Defendant disputes.  As explained below, the Administrative Law Judge (ALJ)'s finding of non-disability is AFFIRMED, because it is supported by substantial evidence in the administrative record. The parties have consented to the jurisdiction of the undersigned magistrate judge.  *See* 28 U.S.C. §636(c).

## I.  Summary of Administrative Record

Plaintiff applied for disability insurance benefits (DIB) and Supplemental Security Income (SSI) in December 2020, claiming disability beginning on February 1, 2019, due to physical and mental impairments. (Tr. 109, 226-240, 253). Her application was denied initially and upon reconsideration.  A telephone hearing was held on April 28, 2022,

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.  *See* General Order 22-01.

wherein Plaintiff appeared with counsel and gave testimony before ALJ Francine Serafin. Vocational Expert Michele Giorgio also appeared and gave testimony. On May 26, 2022, the ALJ issued a written decision, concluding that Plaintiff was not disabled. (Tr. 67-80).

The Appeals Council denied review and Plaintiff appealed the decision the United States District Court for the Southern District of Ohio, which remanded the case for further proceedings. (Tr. 1-7, 1073-1089). While the appeal was pending before the Court, Plaintiff filed subsequent applications for DIB and SSI, which were consolidated with her 2020 applications in the Appeals Council's remand order. (Tr. 1087, 1110-1121, 1203-1221). On remand, ALJ Nathan Brown held another hearing, and on October 11, 2024, he issued another decision finding Plaintiff not disabled. (Tr. 976-1004, 1014-1049).

Plaintiff was born in January 1979 and was 40 years old on her alleged onset date of disability. She graduated high school and had past relevant work as a night auditor, property manager and secretary.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "obesity; fibromyalgia; degenerative disc disease with radiculopathy; left thumb osteoarthritis; right carpal tunnel syndrome; bilateral hip osteoarthritis; depressive disorder; and anxiety disorder." (Tr. 980). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform light work subject to the following limitations:

> She can reach frequently bilaterally; handle and finger items frequently bilaterally; climb ramps and stairs only occasionally; never climb

ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; and work at unprotected heights only occasionally, around moving mechanical parts occasionally, in extreme cold occasionally, in extreme heat frequently, and in vibration only occasionally. She needs a low-stress work environment defined as no greater than occasional changes in a routine work setting and tasks that do not involve a specific production rate pace, such as assembly line work or an hourly production quota.

(Tr. 987).

Based upon her RFC and testimony from the vocational expert, the ALJ concluded that Plaintiff could not perform her past relevant work. However, the ALJ found that Plaintiff could perform other jobs in the national economy including usher, inserting-machine operator, folding-machine operator. (Tr. 1003). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB or SSI. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by (1) failing to properly evaluate the opinion evidence; and (2) failing to properly consider Plaintiff's mental impairments. Upon close analysis, I conclude that Plaintiff's assignments of error are not well-taken.[2]

## II.    Analysis

### A.  Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial

---

[2] In her reply memorandum, Plaintiff withdrew her second assignment of error. (See Doc 10 at 1).

gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion....
> The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can

4

still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); see also *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528-29 (6th Cir. 1997) (explaining sequential process); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's Decision is supported by Substantial Evidence**

Plaintiff argues that the ALJ improperly evaluated the opinion evidence relating to Plaintiff's mental impairments. Specifically, Plaintiff argues that the ALJ found the opinions of the three consultative psychological examiners, Tawnee Tanner, Psy.D., Brian Griffiths, Psy.D., and Sarah Barwick, Psy.D., to be persuasive, but did not account for the consistent limitations in these opinions regarding work-related stress in his RFC finding. Plaintiff's contention is misplaced.

The RFC is the "most [an individual] can still do despite [her physical and mental] limitations." 20 C.F.R. § 416.945(a)(1). An ALJ determines the claimant's RFC using "all the relevant evidence in [the] case record." Id. Yet it is the claimant's burden to establish her RFC. See id. § 416.945(a)(3) ("In general, you are responsible for providing the

evidence we will use to make a finding about your residual functional capacity."); see also *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (claimant bears the burden of demonstrating a more restrictive RFC); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) ("Plaintiff has the ultimate burden of establishing the existence of disability.").

The ALJ alone is responsible for determining a Plaintiff's RFC. See 20 C.F.R. § 404.1546(d). There is no regulatory requirement that an ALJ adopt every facet of a particular opinion in formulating an RFC, so long as the record supports the RFC actually determined by the ALJ, and he adequately explains his analysis in a manner sufficient to allow review. As such, an ALJ is "not required to recite the medical opinion of a physician verbatim in his RFC. *See Poe v. Com'r of Soc. Sec.*, 342 Fed.Appx. 149, 157, 2009 WL 2514058, at *7 (6th Cir. Aug. 18, 2009); *see also Smith v. Colvin*, 2013 WL 6504681, at *11 (N.D. Ohio, Dec. 11, 2013) ("[T]here is no requirement that an ALJ accept every facet of an opinion to which he assigns significant or substantial weight."); Smith v. Com'r of Soc. Sec., 2013 WL 1150133 at *11 (N.D. Ohio, Mar. 19, 2013) (same).

In formulating Plaintiff's mental RFC, the ALJ considered, *inter alia*, the following:

On July 6, 2019, Tawnee Tanner, Psy.D., performed a consultative psychological examination and opined that increased depressive and anxious symptoms are likely to affect negatively the Plaintiff's recall and task completion, as well as her ability to manage her motivation and emotions, particularly when Plaintiff is faced with stressors. (Tr. 366-371, Tr. 996). Dr. Tanner also opined that Plaintiff is likely to experience reduced effectiveness in maintaining attention and concentration and in maintaining persistence and pace, as well as in performing simple tasks and multi-step tasks when depressive

and anxious symptoms increase. Dr. Tanner further opined that the Plaintiff has no limitations in her ability to conform to social expectations in a work setting. Id.

The ALJ determined that Dr. Tanner's opinion is generally consistent with the other medical evidence of record. Subsequent consultative psychological examinations showed benign findings as well. (Tr. 996). The ALJ further noted that Plaintiff's mental health treatment is solely from her primary care provider who prescribes psychotropic medications, and she has had consistently normal psychiatric exams at these visits. (Tr. 996)(internal citations omitted).  The ALJ found that Dr. Tanner's opinion is vague, but it is otherwise generally persuasive as to moderate limitations in concentrating, persisting, or maintaining pace and adapting or managing oneself that would preclude fast-paced/quota-based work and limit Plaintiff to no more than occasional changes in a routine work setting.

On December 7, 2020, Brian R. Griffiths, Psy.D., performed a consultative psychological examination and opined that Plaintiff's statements suggested that she sometimes has difficulty mentally focusing. (Tr. 511-517, 996-997). Dr. Griffiths also opined that anxiety and/or depression may interfere with Plaintiff's ability to keep up with others. Dr. Griffiths opined that Plaintiff's remarks suggested that stressful situations might cause a corresponding increase in anxiety, possibly triggering a panic attack-like reaction, and that stressful situations intensify and magnify her depression.  (Tr. 997). The ALJ found Dr. Griffiths' opinion to be generally persuasive because it is generally supported by Plaintiff's presentation during the evaluation and her performance on mental status testing.  The ALJ further noted that Plaintiff had no formal mental health treatment and primary care prescribed psychotropic medications and their treatment

7

notes revealed consistently normal psychiatric exams. Id. (internal citations omitted). Moderate limitations in concentrating, persisting, or maintaining pace and adapting or managing oneself would preclude fast-paced/quota-based work and limit the claimant to no more than occasional changes in a routine work setting.

On January 23, 2024, Sarah Barwick, Psy.D., performed a consultative psychological examination and appeared to opine that Plaintiff has difficulty remembering instructions as well as difficulty with concentration and focus[3]. (Tr. 1000). Dr. Barwick also opined that the claimant did not present with indications of mental health difficulties that would clearly impact interaction in work settings, her ability to understand and respond to supervisory feedback, her ability to manage pressure in work settings, or her ability to manage normal work pressures. Id.

The ALJ found Dr. Barwick's opinion is somewhat persuasive because it is somewhat consistent with the other medical evidence of record.  The ALJ noted that prior consultative examination showed similar findings. Id.  Again, he noted that Plaintiff had no formal mental health treatment and occasionally made mental health complaints to her primary care provider who prescribed psychotropic medications; and treatment notes revealed consistently normal psychiatric exam. (Tr. 1000)(internal citations omitted).

In light of the foregoing, the ALJ's RFC included the limitation that Plaintiff needs a low-stress work environment defined as no greater than occasional changes in a routine work setting and tasks that do not involve a specific production rate pace, such as assembly line work or an hourly production quota.  (Tr.987). Plaintiff argues however,

---

[3] The ALJ mistakenly identified Dr. Barwick as "Dr. Leisang." However, as noted by the Commissioner, this was no more than a scrivener's error, because the ALJ cited to the correct exhibits for Dr. Barwick's opinion. (Tr. 1000).

that the ALJ found Dr. Turner, Dr. Griffths and Dr. Barwick's opinions to be persuasive but failed to incorporate all of the limitations outlined therein in his RFC.   Plaintiff's assertion lacks merit.

As noted by the Commissioner, the ALJ is not required to defer or give any specific evidentiary weight, including controlling weight, to any prior administrative findings, or medical opinions, including those from the claimant's medical sources. 20 C.F.R. §§ 404,1520c(a), 416.920c(a). Namely, the ALJ should assess their persuasiveness, considering several factors, including supportability and consistency. 20 C.F.R. §§ 404.1520c, 416.920c; see *also Nasser v. Comm'r of Soc. Sec.*, No. 22-1293, 2022 WL 17348838, at *1 (6th Cir. Dec. 1, 2022). Further, "[e]ven where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt [the opinion] verbatim" or "limitations wholesale." *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015); *accord Mabry-Schlicher v. Comm'r of Soc. Sec.*, No. 24-3811, 2025 WL 1604376, at *5 (6th Cir. June 6, 2025). *See also Colbert v. Comm'r of Soc. Sec.*, 2018 WL 1755333, *10 (S.D. Ohio April 12, 2018) (the ALJ formulated an RFC by modifying the state agency medical consultants' opined limitations to vocationally specific terms).

Here, the ALJ properly evaluated the opinions of Drs. Tanner's, Griffiths', and Barwick's in accordance with Agency regulations and controlling law.  Notably, the ALJ did not find their opinions to be completely persuasive, instead he found their opinions to be "generally persuasive" and "somewhat persuasive".   (Tr. 996, 997, 1000). Furthermore, with respect to work-related stress, Dr. Tanner noted that Plaintiff did not report a pattern of inability to adjust to workplace demands beyond physical limitations. (Tr. 370).   He noted however, that Plaintiff's "increased depressive and anxious

9

symptoms *are likely to* negatively affect her ability to manage her motivation and emotions, particularly when the claimant is faced with stressors." (Id.)(emphasis added). Similarly, when asked to describe Plaintiff's abilities and limitations in responding to work pressures, Dr. Griffiths stated:

> [Plaintiff's] description of her employment history did not suggest that she emotionally decompensates from exposure to the workplace. She reported that she has never been psychiatrically hospitalized. She stated that she is not currently involved with the mental health system. However, she reported that her primary care physician prescribes her psychoactive medicines. [Plaintiff's] remarks *suggested* that stressful situations *might* cause a corresponding increase in anxiety, possibly triggering a panic attack-like reaction. Moreover, her remarks *suggested* that stressful situations intensify and magnify her depression.

(Tr. 517) (emphasis added).

> Dr. Barwick also reported:

> [Plaintiff] did not present with indications of mental health difficulties which would clearly impact her ability to manage pressure in work settings. She reported problems managing pressure in activities such as grocery shopping which contributed to experiences of increased anxiety. Her presentation was not indicative of intellectual or cognitive limitations which would impact her ability to manage normal work pressures. She reported problems managing pressure in prior work settings which contributed to mistakes and errors.

(Tr. 2101) (emphasis added).

As noted by the Commissioner, these statements do not provide any specific limitations relating to work-related stress. As noted above, the ALJ noted that Dr. Tanner and Dr. Griffiths opinions were vague and only generally persuasive. (Tr. 996, 997). The ALJ also found Dr. Barwick's opinion to somewhat persuasive and only somewhat consistent with the other evidence of record. (Tr. 1000). More importantly, however, the ALJ's RFC incorporated their opinions by limiting Plaintiff to "a low-stress work

environment defined as no greater than occasional changes in a routine work setting and tasks that do not involve a specific production rate pace, such as assembly line work or an hourly production quota" (Tr. 987).

In support of this finding, the ALJ further noted that Plaintiff had no formal mental health treatment, that she occasionally made mental health complaints to her primary care provider who prescribed psychotropic medications, and that she had consistently normal psychiatric examinations. (Tr. 996-997, 1000, see also Tr. at 38, 46, 461, 472, 480, 487, 495, 509, 522, 540, 546, 554, 561, 568, 580, 586, 596, 612, 618, 626, 633, 639, 646, 652, 658, 665, 671, 677, 683, 688, 758, 770, 783, 789, 826, 844, 855, 885, 947, 1408, 1427, 1435, 1442, 1459, 1533, 1563, 1627, 1666, 1674, 1685, 1699, 1707, 1721, 1727, 1744, 1754, 1886, 1935, 1982, 1989, 2035, 2062, 2092).

In light of the foregoing, the undersigned finds that the ALJ properly evaluated the findings of Drs. Tanner's, Griffiths', and Barwick's in his mental RFC and his mental RFC is supported by substantial evidence in the record.

### III. Conclusion

For the reasons explained herein, **IT IS ORDERED THAT** Defendant's decision is **SUPPORTED BY SUBSTANTIAL EVIDENCE** and is **AFFIRMED. IT IS FURTHER ORDERED THAT** that this case is **CLOSED**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

11